ORIGINAL

# In the United States Court of Federal Claims

No. 11-466C
Filed: July 30, 2014

FILED

JUL 30 2014

U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| AUDREY S. WAGSTAFF, | Fed. R. App. 4(a)(1)(B) (Notice of Appeal); |
| Plaintiff, *pro se*, | Motion For Relief From a Final Order; *Pro Se*; |
| v. | RCFC 59 (New Trial, Reconsideration, Altering or Amending a Judgment); |
| THE UNITED STATES, | RCFC 60 (Relief From A Judgment or Order). |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFF'S MOTIONS FOR RELIEF FROM A FINAL JUDGMENT OR ORDER

**BRADEN,** *Judge*.

## I.   RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY.

On July 18, 2011, Plaintiff filed a Complaint in the United States Court of Federal Claims ("Compl."), alleging four claims for relief. Compl. ¶¶ 146–69. Count I alleged that the Department of Education, through "oppression and duress," profited by unlawful debt collection practices against Plaintiff. Compl. ¶¶ 146–51. Count II alleged that the Department of Education's refusal to stop debt collectors from contacting Plaintiff constituted a regulatory taking. Compl. ¶¶ 152–56. Count III alleged that the Department of Education, through wage garnishment and tax refund offsets, effected a physical taking of Plaintiff's funds. Compl. ¶¶ 157–60. Count IV alleged violations of Plaintiff's right to due process. Compl. ¶¶ 161–64. Therefore, the July 18, 2011 Complaint requested: compensation for the tax refund offsets and wage garnishments; "[a] declaration that Defendant's claim or in the alternative, amount, methods and accounting are not reasonable or bona fide and not supported under alleged contract or established contract law;" an injunction preventing any additional taking of her property; and "[a]ny other relief the Court deems proper and applicable." Compl. ¶¶ 165–69.

On May 17, 2012, the court issued a Memorandum Opinion And Order, granting-in-part and denying-in-part the Government's November 14, 2011 Motion To Dismiss. *See*

*Wagstaff v. United States*, 105 Fed. Cl. 99, 112 (2012) (dismissing all claims alleged in the July 18, 2011 Complaint, "except Plaintiff's claim that the Department of Education effected an illegal exaction when it ordered Plaintiff's wages to be garnished").

On July 31, 2013, the court issued a Memorandum Opinion And Final Order that granted the Government's August 9, 2012 Motion For Summary Judgment on Plaintiff's illegal exaction claim. *See Wagstaff v. United States*, 111 Fed. Cl. 754, 765 (2013). On August 1, 2013, the court entered Final Judgment.

On October 7, 2013, the court received two documents from Plaintiff: (1) "Plaintiff's [Motion] For An Extension Of Time" ("10/7/13 Mot. I"); and (2) a motion entitled "In The Alternative That Plaintiff's Motion For An Extension Of Time Is Not Answered Or Approved Plaintiff's Notice Of Appeals" ("10/7/13 Mot. II"). The second filing stated as follows: "Plaintiff . . . has file[d] a motion for an extension of time to file her Notice of Appeal requesting an answer from the United States Supreme Court. In the case the Court refuses to answer or denies her request for an extension, she has filed a Notice of Appeal." 10/17/13 Mot. II at 1.

On October 9, 2013, the court issued an Order directing the Clerk of the Court to return both documents to Plaintiff, unfiled, since neither document was timely.

On January 13, 2014, the court received a Petition For Writ Of Certiorari from Plaintiff. On January 14, 2014, the court ordered that the document be returned to Plaintiff.

On February 24, 2014, Plaintiff filed two Motions For Relief From Judgment, pursuant to RCFC 60. The first motion seeks relief from the court's October 9, 2013 Order rejecting Plaintiff's filings as untimely ("Pl. Mot. I" or "Plaintiff's First Motion For Relief"). The second seeks relief from the court's August 1, 2013 Judgment ("Pl. Mot. II" or "Plaintiff's Second Motion For Relief").

On March 13, 2014, the Government filed a Response ("Gov't Resp."), including two attached Exhibits ("Ex. A–B"), indicating that the Government has been unable to locate either of Plaintiff's October 7, 2013 submissions. The Government takes no position on Plaintiff's First Motion for Relief, but argues that the court should deny Plaintiff's Second Motion for Relief. Gov't Resp. 3.

On March 18, 2014, Plaintiff filed an Exhibit relating to the February 24, 2014 Motions For Relief From Judgment that includes a partial copy of one document previously submitted on October 7, 2013, that was returned by the Clerk on October 9, 2013.

On April 8, 2014, Plaintiff filed a Reply.

## II.    DISCUSSION.

### A.    Applicable Standards Of Review Under RCFC 59 And 60.

The standards for reconsideration and relief from judgments or orders are set forth in RCFC 59(a) and RCFC 60(b). *See Webster v. United States*, 93 Fed. Cl. 676, 678 (2010). Although Plaintiff's February 24, 2014 Motions For Relief invoke RCFC 60 as the basis for relief, because RCFC 60(b) applies to motions for relief "from a final judgment, order, or proceeding," and the court's October 9, 2013 Order is not a final judgment, the court will treat Plaintiff's First Motion For Relief as one for reconsideration under RCFC 59(a).

### 1.    RCFC 59.

Pursuant to RCFC 59(a), the court may grant a new trial or a motion for reconsideration: "(A) for any reason for which a new trial has heretofore been granted in an action at law in federal court; (B) for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court; or (C) upon the showing of satisfactory evidence, cumulative or otherwise, that any fraud, wrong, or injustice has been done to the United States." RCFC 59(a)(1). In addition, "[t]he court may, on motion under this rule, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." RCFC 59(a)(2).

Pursuant to RCFC 59(b), a motion for a new trial or for reconsideration under RCFC 59(a)(1)(A) or (B) must be filed within 28 days after entry of judgment; however, if there is a showing of satisfactory evidence of fraud, wrong, or injustice under RCFC 59(a)(1)(C), the motion must be filed, *inter alia*, within two years after the final disposition of the suit. *See* RCFC 59(b). "[T]he [United States Court of Federal Claims] may not extend the time to act under RCFC 59(b)[.]" *Crews v. United States*, 424 F. App'x 937, 940 (Fed. Cir. 2011); *see also* RCFC 6(b)(2) ("The court must not extend the time to act under . . . RCFC 59(b).").

Reconsideration of a judgment is not intended to permit a party to retry its case. "Post-opinion motions to reconsider are not favored . . . especially where a party has had a fair opportunity to litigate the point in issue." *Aerolease Long Beach v. United States*, 31 Fed. Cl. 342, 376 (1994), *aff'd*, 39 F.3d 1198 (Fed. Cir. 1994) (internal citations and quotations omitted)). "The decision whether to grant reconsideration lies largely within the discretion of the [trial] court." *Yuba Natural Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990). Thus, "[m]otions for reconsideration must be supported 'by a showing of extraordinary circumstances which justify relief.'" *Caldwell v. United States*, 391 F.3d 1226, 1235 (Fed. Cir. 2004) (quoting *Fru–Con Constr. Corp. v. United States*, 44 Fed. Cl. 298, 300 (1999)). Even a *pro se* party may not "prevail on a motion for reconsideration by raising an issue for the first time on reconsideration when the issue was available to be litigated at the time the complaint was filed." *Matthews v. United States*, 73 Fed. Cl. 524, 525–26 (2006). In fact, the movant "must do more than merely reassert arguments which were previously made and carefully considered by the court." *Bannum, Inc. v. United States*, 59 Fed. Cl. 241, 243 (2003) (quoting *Henderson County Drainage Dist. No. 3 v. United States*, 55 Fed. Cl. 334, 337 (2003) (brackets omitted)).

Reconsideration, however, may be warranted where there is: "'(1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.'" *Del. Valley Floral Grp., Inc. v. Shaw Rose Nets, LLC*, 597 F.3d 1374, 1383 (Fed. Cir. 2010) (quoting *Degirmenci v. Sapphire–Fort Lauderdale*, LLLP, 642 F. Supp. 2d 1344, 1353 (S.D. Fla. 2009)).

## 2.   RCFC 60.

Pursuant to RCFC 60(b), a motion for relief is "one for extraordinary relief entrusted to the discretion of the [c]ourt . . . which may be granted only in extraordinary circumstances." *TDM Am., LLC v. United States*, 100 Fed. Cl. 485, 490 (2011) (quoting *Sioux Tribe of Indians v. United States*, 14 Cl. Ct. 94, 101 (1987), *aff'd*, 862 F.2d 275 (Fed. Cir. 1988)).[1] A motion under RCFC 60(b) generally must be "made within a reasonable time," but, a motion under RCFC 60(b)(1), (2), or (3) must be brought no more than a year after the entry of the judgment from which relief is sought. *See* RCFC 60(c)(1).

In determining whether to grant relief pursuant to RCFC 60(b)(1), the court must analyze and balance three factors, none of which is dispositive: "(1) the movant must have a meritorious claim or defense; (2) the nonmovant must not be prejudiced by the granting of relief; and (3) the movant's dilemma was not caused by its own culpable conduct." *Stelco Holding Co. v. United States*, 44 Fed. Cl. 703, 708–09 (1999) (citing *Info. Sys. And Networks Corp. v. United States*, 994 F.2d 792, 795–96 (Fed. Cir. 1993) (holding that the court must balance the aforementioned factors to determine whether to grant relief for "excusable neglect" under Rule 60(b)(1)). Moreover, under RCFC 60(b)(1), "relief may be granted from 'judicial error' when inadvertence is shown and the motion is made within a reasonable time." *Patton v. Sec'y of Dep't of Health and Human Servs.*, 25 F.3d 1021, 1030 (Fed. Cir. 1994).

---

[1] RCFC 60(b) provides, in relevant part, that the court may relieve a party from a final judgment or order for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under RCFC 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

. . . .

(6) any other reason that justifies relief.

RCFC 60(b).

Under RCFC 60(b)(2), the court can relieve a party from a final judgment, order, or proceeding due to "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under RCFC 59(b)." Further, "newly discovered evidence" is limited to "evidence of facts which existed at the time of decision and of which the aggrieved party was excusably ignorant[.]" *TDM Am.*, 100 Fed. Cl. at 490 (citing *Yachts Am., Inc. v. United States*, 8 Cl. Ct. 278, 281 (1985), *aff'd*, 779 F.2d 656 (Fed. Cir. 1985)). The movant must show "(1) that the evidence was actually newly discovered . . . subsequent to trial; (2) that the movant exercised due diligence; and (3) that the evidence is material, not merely impeaching or cumulative, and that a new trial would probably produce a different result." *Id.* (citing *Yachts Am.*, 8 Cl. Ct. at 281); *see also Venture Indus. Corp. v. Autoliv ASP, Inc.*, 457 F.3d 1322, 1328 (Fed. Cir. 2006) (noting that, to prevail on a motion under Rule 60(b)(2), the movant must demonstrate that "the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment").

To succeed on a motion under RCFC 60(b)(3), the "movant must demonstrate fraud, misrepresentation, or misconduct by clear and convincing evidence." *Madison Servs., Inc. v. United States*, 94 Fed. Cl. 501, 507 (2010) (internal citations and quotations omitted). In addition, the fraud or misconduct must have "prevented the movant from receiving a fair hearing or trial." *Griffin v. United States*, 96 Fed. Cl. 1, 9 (2010) (quoting *Madison Servs.*, 94 Fed. Cl. at 507). Unsupported allegations and innuendo are insufficient to warrant relief. *See Madison Servs.*, 94 Fed. Cl. at 507 ("Because plaintiff submits as evidence unsubstantiated innuendo and uncorroborated inferences, evidence that categorically cannot meet a 'clear and convincing' standard, the court must deny plaintiff's requests for relief."); *Griffin*, 96 Fed. Cl. at 9 (rejecting, as insufficient, a "bare allegation of fraud [that] is not supported by documentation or concrete details").

RCFC 60(b)(6) authorizes the court to grant relief when "appropriate to accomplish justice." *Mojica v. Sec'y of Health and Human Servs.*, 102 Fed. Cl. 96, 99 (2011) (quoting *Marrero Pichardo v. Ashcroft*, 374 F.3d 346, 55 (2d Cir. 2004)). Whether relief is warranted is a case-specific inquiry, in which the court must balance "the value of finality with the need for justice." *Infiniti Info. Servs., LLC v. United States*, 93 Fed. Cl. 699, 704 (2010). A court does not, however, have "unfettered discretion" to grant relief under RCFC 60(b)(6). *Id.* Rather, "Rule 60(b)(6) is available only in extraordinary circumstances and only when the basis for relief does not fall within any of the other subsections of Rule 60(b)." *Fiskars, Inc. v. Hunt Mfg. Co.*, 279 F.3d 1378, 1382 (Fed. Cir. 2002). Although *pro se* litigants are held to a less stringent standard than that of litigants represented by counsel, a party is not entitled to relief simply "because he or she suffered adverse consequences from a decision to proceed *pro se*." *Kennedy v. Sec'y of Health and Human Servs.*, 99 Fed. Cl. 535, 548 (2011).

## B.   Whether Relief Under RCFC 59 Or 60 Is Warranted.

### 1.   Plaintiff's First Motion For Relief.

Plaintiff's First Motion For Relief contends that the court's October 9, 2013 Order was in error, as it misconstrued Plaintiff's October 7, 2013 submission as a Motion, rather than a Notice Of Appeal, and then rejected the submission as untimely. Pl. Mot. I at 1. Therefore, the court's

Order was based on "an alleged error in [the] caption [of Plaintiff's submission,]" and relief is warranted. Pl. Mot. I at 1–2.

The Government takes no position on Plaintiff's First Motion, but observes that Plaintiff's October 7, 2013 Notice was not timely under Federal Rule of Appellate Procedure 4(a). Gov't Resp. 5; *see also* Fed. R. App. P. 4(a)(1)(B) (requiring that a notice of appeal be filed in the trial court within 60 days of entry of judgment when the United States is its officer or agency is a party). Because Plaintiff's October 7, 2013 Notice was filed outside the 60 day window, it would have been timely only if the court first "exercised its discretion to extend the time for filing a notice of appeal in accordance with Fed. R. App. P. 4(a)(5)." Gov't Resp. 5; *see also* Fed. R. App. P. 4(a)(5) (allowing the trial court to extend the time for filing a notice of appeal if the movant demonstrates "good cause" or "excusable neglect").

For the reasons that follow, under RCFC 59(a), Plaintiff has failed to make the requisite showing sufficient to justify reconsideration of the court's October 9, 2013 Order that rejected Plaintiff's filings as untimely.

As an initial matter, the court denied Plaintiff's October 7, 2013 Notice of Appeal, because it was untimely, not because of the caption. Pursuant to Fed. R. App. P. 4(a)(1)(B), a Notice of Appeal may be filed in the trial court within 60 days after entry of judgment. Judgment was entered on August 1, 2013; Plaintiff's Notice was filed 67 days later. In addition, Plaintiff's October 7, 2013 Notice of Appeal failed to demonstrate good cause or excusable neglect sufficient to warrant an extension of time. *See* Fed. R. App. P. 4(a)(5) (allowing the trial court to grant a motion for extension of time to file a notice of appeal when the moving party shows excusable neglect or good cause). The United States Court of Appeals for the Federal Circuit has held that without a showing of good cause or excusable neglect, an untimely notice of appeal should be denied. *See Quintin v. United States*, 746 F.2d 1452, 1453 (Fed. Cir. 1984) ("There is absolutely nothing that suggests any good cause or excusable neglect on appellant's part in not filing his notice of appeal in a timely manner in the first place.").

Plaintiff's February 24, 2014 First Motion for Relief also must be denied because it was not filed within 28 days as required by RCFC 59(b). There is no evidence that fraud, wrong, or injustice is involved, and thus the two-year timeframe under RCFC 59(b)(2) is inapplicable. Therefore, since Plaintiff's February 24, 2014 First Motion For Relief is untimely, and this court does not have authority to extend the time to move for reconsideration under RCFC 59(b), Plaintiff's Motion must be denied. *See* RCFC 6(b)(2) ("The court must not extend the time to act under . . . RCFC 59(b).").

Moreover, none of the three recognized grounds warranting reconsideration are present here. First, Plaintiff presents no evidence of an intervening change in the controlling law. Second, Plaintiff presents no new evidence that was not previously considered by the court. *See Del. Valley Floral Grp.*, 597 F.3d at 1383. Third, there is no need to correct clear error or to prevent manifest injustice. *Id.*

Even if the motion were considered under RCFC 60, as the Plaintiff suggests, allowing more time for filing, in the court's judgment, relief is still unwarranted. Although "relief [under

RCFC 60] may be granted from 'judicial error' when inadvertence is shown and the motion is made within a reasonable time," the court's rejection of Plaintiff's October 7, 2013 Notice was based not on legal error, but on the untimeliness. *Patton*, 25 F.3d at 1030. Under the factors the court must balance in determining whether to grant relief pursuant to RCFC 60(b)(1), the only provision applicable to Plaintiff's First Motion For Relief, reconsideration is not warranted. *See Stelco Holding Co.*, 44 Fed. Cl. at 708–09 (explaining that the court must analyze and balance three distinct factors when considering whether to grant relief under RCFC 60: "(1) the movant must have a meritorious claim or defense; (2) the nonmovant must not be prejudiced by the granting of relief; and (3) the movant's dilemma was not caused by its own culpable conduct"). Plaintiff failed to demonstrate in any prior briefing before the court that she had a "meritorious claim," and any mistake that occurred relates to Plaintiff's failure to file the October 7, 2013 Notice of Appeal in a timely manner.

For these reasons, Plaintiff's February 24, 2014 First Motion for Relief from the court's October 9, 2013 Order, is denied.

## 2.    Plaintiff's Second Motion For Relief.

Plaintiff's Second Motion For Relief requests relief from the court's August 1, 2013 Final Judgment, because the court's opinion was biased and failed to take into account "any evidence in support of Plaintiff's case," including the fact that the Government had an "improper legal relationship" with the debt collection agency. Pl. Mot. II at 1–2. This Motion also includes generalized statements about Government fraud and misconduct and contends that the Government has violated several state and federal regulations and statutes. Pl. Mot. II at 1-2. In addition, the second Motion for Relief asserts that the Government is prohibited from implementing income tax offsets once the Government contracts with a debt collection agency. Pl. Mot. II at 1. Therefore, when the Government contracted with NCO Financial Systems, Inc. to provide debt collection services, the Government was barred from offsetting Plaintiff's income tax returns without violating the Debt Collection Improvement Act of 1996 ("DCIA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), because the DCIA is "not retroactive." Pl. Mot. II. at 2. Finally, Plaintiff contends that she never received the court-ordered discovery the Government was supposed to produce.

The Government responds that Plaintiff's Second Motion For Relief should be denied for three reasons. First, Plaintiff's Motion is untimely. Gov't Resp. 6. A motion for relief pursuant to RCFC 60(b) must be filed within a reasonable period of time, but a motion pursuant to RCFC 60(b)(1), (2), or (3) cannot be filed "more than a year after the entry of the judgment or order" from which relief is sought. Gov't Resp. 6 (citing RCFC 60(c)(1)). Plaintiff's Second Motion For Relief was filed 207 days after the August 1, 2013 Judgment. Gov't Resp. 6. This was an unreasonable delay, because Plaintiff provided no reason why she did not file closer to entry of the court's August 1, 2013 Judgment. Gov't Resp. 6.

Second, Plaintiff's allegations of fraud, bias, and misconduct are nonspecific and unsupported by any evidence or concrete details. Gov't Resp. 6. Under RCFC 60(b)(3), the movant must show, through clear and convincing evidence, that "fraud or misconduct prevented [them] from receiving a fair hearing or trial." Gov't Resp. 6 (quoting *Griffin*, 96 Fed. Cl. at 9).

Plaintiff's bare allegations, however, are insufficient as a matter of law to warrant relief. Gov't Resp. 6 (citing *Madison Servs.*, 94 Fed. Cl. at 507 (requiring clear and convincing evidence of fraud, misrepresentation, or bad faith conduct to warrant relief under RCFC 60(b)(3))). The Government also argues that the only specific allegation of misconduct asserted by Plaintiff is categorically untrue. Gov't Resp. 7. Plaintiff contends that the Government never mailed Plaintiff court-ordered discovery. On January 15, 2013, however, the Government mailed Plaintiff the court-ordered discovery and filed a formal Notice advising the court of the same. Gov't Resp. 7; *see also* Ex. A (January 15, 2013 letter from Government counsel to Plaintiff producing court-ordered discovery); Ex. B (January 16, 2013 Notice confirming that the Government produced discovery, pursuant to the court's December 26, 2012 Order).

Third, the court's July 31, 2013 Memorandum Opinion And Final Order specifically found that no evidence demonstrated the invalidity of the six promissory notes that Plaintiff signed between 1991 and 1993 or indicated the Department of Education improperly assigned the right to collect on these notes. Gov't Resp. 7 (quoting *Wagstaff*, 111 Fed. Cl. at 764). To the contrary, the evidence showed that the Department of Education followed applicable due process and statutory requirements, as well as validly collected on correctly calculated debts stemming from valid promissory notes signed by Plaintiff. Gov't Resp. 7–8. Because nothing in Plaintiff's Second Motion For Relief calls into question the factual basis or legal analysis of the court's July 31, 2013 Opinion And Final Order, Plaintiff has failed to demonstrate the "extraordinary circumstances" required to warrant relief under RCFC 60(b). Gov't Resp. 8 (quoting *TDM Am.*, 100 Fed. Cl. at 490 ("A motion for relief from judgment under Rule 60(b) is one for extraordinary relief entrusted to the discretion of the [c]ourt . . . which may be granted only in extraordinary circumstances." (internal citations and quotations omitted)).

In the court's judgment, Plaintiff offers no valid grounds upon which this court can grant relief from the July 31, 2013 Memorandum Opinion And Final Order and the August 1, 2013 Final Judgment. First, none of the factors considered under RCFC 60(b)(1) justify granting relief: (1) Plaintiff does not have a meritorious claim; (2) the Government would be prejudiced if this issue were re-litigated; and (3) Plaintiff's dilemma, namely the judgment in the Government's favor, was caused by her own conduct. *See Stelco Holding Co.*, 44 Fed. Cl. at 708–09. Plaintiff was given ample warning by the court that she must "submit[] evidence that the six promissory notes signed in 1991-93 are legally invalid, or that the Department of Education was not properly assigned the right to collect on these note." *See Wagstaff*, 105 Fed. Cl. at 113 (explaining that "Plaintiff's July 18, 2011 Complaint will not survive a properly supported motion for summary judgment unless she submits evidence that the six promissory notes signed in 1991–93 are legally invalid"). That showing was never made.

Moreover, there is no newly discovered evidence cited in the Motion to support relief under RCFC 60(b)(2). Plaintiff's "evidence" was discovered before proceedings in this case began; as such, it is not "newly discovered." *See TDM Am.*, 100 Fed Cl. at 490 (requiring a party to show "that the evidence was actually 'newly discovered,' that is, it must have been discovered subsequent to trial" (quoting *Yachts Am.*, 8 Cl. Ct. at 281)). Plaintiff's factual and legal contentions simply reiterate claims that the court either expressly or impliedly rejected in the two prior opinions. For example, Plaintiff's original Complaint contains the same claim about retroactivity of the DCIA. Compl. ¶¶ 55–56. Plaintiff, however, proffers no new support for this

contention, and 31 C.F.R. § 901.5, the regulation cited in the Complaint, does not clearly prohibit retroactivity.  Instead, this court has explicitly found that "[t]here is no evidence to suggest that the Government behaved unlawfully, and the Government supported its claim that it has followed the applicable due process requirements."[2]  *Wagstaff*, 111 Fed. Cl. at 765.  Nothing in Plaintiff's newest filings suggest to the contrary.  Further, nothing in the statute prohibits income tax offsets after the Government contracts with a debt collection agency.  *See generally* 31 U.S.C. § 3720D (authorizing administrative wage garnishment).

Finally, Plaintiff has proffered no new clear and convincing evidence to demonstrate fraud under RCFC 60(b)(3).  *See Madison Servs.*, 94 Fed. Cl. at 507 (denying plaintiff's motion for relief where the only evidence submitted was "unsubstantiated innuendo and uncorroborated inferences"); *see also Griffin*, 96 Fed. Cl. at 9 (holding that a "bare allegation of fraud [that] is not supported by documentation or concrete details" is insufficient to warrant relief under RCFC 60(b)(3)).  In addition, relief in this case would not "accomplish justice" under RCFC 60(b)(6).  *See Mojica,* 102 Fed. Cl. at 99.

For these reasons, Plaintiff's February 24, 2014 Second Motion For Relief is denied.

## III.    CONCLUSION.

For the reasons discussed herein, Plaintiff's February 24, 2014 First Motion For Relief and Second Motion for Relief are both denied.

**IT IS SO ORDERED.**

**SUSAN G. BRADEN**
**Judge**

---

[2] To the extent that Plaintiff challenges the Government's authority to "offset[] Plaintiff's income tax return," the court does not have jurisdiction to adjudicate that claim, since "[n]o court of the United States shall have jurisdiction to hear any action, whether legal or equitable, brought to restrain or review a reduction authorized by subsection  . . . . (d) [regarding tax refund offsets for debts owed to federal agencies]."  26 U.S.C. § 6402(g).